**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**STEWARD HEALTH CARE SYSTEM LLC, et al.,**<br><br>**Debtors.**[1] | **Chapter 11**<br><br>**Case No. 24-90213 (CML)**<br><br>**(Jointly Administered)** |
| **MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TENET HEALTHCARE CORPORATION,**<br><br>**Defendant.** | **Adv. Pro. No. 26-03094 (CML)** |

**TENET HEALTHCARE CORPORATION'S**
**MOTION FOR ENTRY OF AN ORDER AUTHORIZING TENET**
**TO FILE UNDER SEAL EXHIBIT TO ITS**
**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these Chapter 11 Cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

Defendant Tenet Healthcare Corporation ("Tenet") states as follows in support of this motion ("Motion"):

**Relief Requested**

1. Tenet seeks entry of an order, substantially in the attached form (the "Order") authorizing Tenet to file under seal the June 16, 2021 Asset Purchase Agreement between Steward Health Care System LLC ("Steward") and Tenet (the "APA") as an exhibit to *Tenet Healthcare Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint*.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1, 9013-1, and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. The Trustee filed the Second Amended Complaint on August 20, 2026, asserting claims against Tenet for constructive fraudulent transfer and disallowance. Dkt. No. 162, 2d. Am. Compl. ¶¶ 77–88.

6. The Trustee seeks to "avoid[] as a constructive fraudulent transfer" Steward's payment to Tenet pursuant to the APA. Dkt. No. 162, 2d. Am. Compl. ¶¶ 77–84.

7. Tenet is moving to dismiss the Trustee's claims against it and in support plans to file the APA as an exhibit to its motion to dismiss

8. In executing the APA, Tenet and Steward agreed that the "terms and conditions of this Agreement and all other Transaction Documents shall remain confidential, and the Parties shall not disclose the Transaction Documents, or any part thereof, to any third party other than its Representatives assisting in the transactions contemplated herein or as may be required by applicable Laws. Any breach of this [provision] by a Party would result in irreparable harm to the other Parties and therefore the Parties shall be entitled to seek an injunction to prohibit any such breach or anticipated breach, without the necessity of posting a bond in addition to other legal and equitable remedies." APA, § 10.7.

9. Tenet now moves to file the APA under seal. No redacted version of the APA has been filed.

**Basis for Relief**

10. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of a bankruptcy court and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.

*See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in relevant part that, "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

11. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that on motion, "the court may, with or without notice, issue any order that justice requires to: protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018(a)(1). Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply, or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal." Fed. R. Bankr. P. 9037-1(c).

12. Here, the APA falls within the definition of "Confidential Material" in the Protective Order governing this adversary proceeding. No. 24-90213, Dkt. No. 2511 ("Protective Order") at 1, 3–4. The Protective Order states that "Confidential Material" includes documents that "constitute[] or contain[] nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules, or . . . is subject . . . by contract to a legally protected right of privacy," or that a party "is under a preexisting obligation to a third-party to treat . . . as confidential." *Id.* at 3–4.

13. The Protective Order further provides that "Confidential Material" may be filed under seal. *Id.* at 7–8. The APA constitutes "Confidential Material" under the Protective Order because it contains confidential protectable business and financial information, it is subject by

contract to a legally protected right of privacy, and Tenet is under a preexisting obligation to treat the APA as confidential. *See infra; In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret, but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").

14. The Court granted Tenet permission to file the APA under seal in support of its Motion to Dismiss the First Amended Complaint and entered an order mirroring the Order. Dkt. No. 135.

15. Good cause therefore exists to authorize Tenet to file the APA under seal because such relief would be consistent with the Protective Order and the confidentiality requirements of the APA and would safeguard from disclosure confidential commercial and financial information.

**CONCLUSION**

WHEREFORE, Tenet respectfully requests that the Court enter the Order granting Tenet permission to file the APA under seal and such other relief as the Court deems appropriate under the circumstances.

Dated: September 15, 2026
Houston, Texas

*/s/ Anna G. Rotman*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anna G. Rotman, P.C. (TX Bar No. 24046761)
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
Email: anna.rotman@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Richard U.S. Howell, P.C. (admitted *pro hac vice*)
Christopher S. Koenig (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: rhowell@kirkland.com
chris.koenig@kirkland.com

*Counsel to Defendant Tenet Healthcare Corporation*

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Anna G. Rotman, P.C.*
Anna G. Rotman, P.C.