**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **STEWARD HEALTH CARE SYSTEM LLC, et al.,** | § | **Case No. 24-90213 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| **MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,** | § | **Adv. Pro. No. 26-03094 (CML)** |
| **Plaintiff,** | § | |
| **vs.** | § | |
| **TENET HEALTHCARE CORPORATION,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these Chapter 11 Cases is 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

Mark Kronfeld, as Litigation Trustee (the "**Litigation Trustee**") of the SHC Creditor Litigation Trust (the "**Litigation Trust**"), respectfully requests that the Court enter an order authorizing him to file under seal the unredacted version of *The Trustee's Opposition to Tenet Healthcare Corporation's Motion to Dismiss Plaintiff's Amended Complaint* (the "**Opposition**") in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

## RELIEF REQUESTED

1. To the extent the Court determines it is warranted, the Litigation Trustee seeks entry of an order substantially in the form filed herewith authorizing him to file the unredacted version of the Opposition under seal in accordance with the Agreed Protective Order (ECF No. 770) entered in the above-captioned bankruptcy case (the "**Bankruptcy Case**").

## JURISDICTION

2. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested in the Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), as contemplated by Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

4. On May 6, 2024, the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code, instituting the Bankruptcy Case in the Southern District of Texas Bankruptcy Court (the "**Court**"). The U.S. Trustee appointed an official committee of unsecured creditors (the "**Unsecured Creditors Committee**") ten days later. (Bankruptcy Case, ECF No. 290).

5. The Unsecured Creditors Committee entered into a stipulated protective order with the Debtors and certain secured parties (Bankruptcy Case, ECF No. 752) which the Court approved on June 11, 2024 (Bankruptcy Case, ECF No. 770) (the "**Protective Order**").

6. The Protective Order sets forth procedures by which producing parties may designate discovery material as either "Confidential" or "Highly Confidential." The Protective Order limits publication of designated material. The Protective Order generally requires that documents designated "Confidential" not be disclosed publicly absent agreement by the producing party or an order of the Court resolving a dispute over designation. *See* Protective Order at 4–6.

7. On June 2, 2025, the Court entered the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* (the "**FILO Settlement Order**") (Bankruptcy Case, ECF No. 5035).

8. The FILO Settlement Order approved the Litigation Trust Agreement in its entirety. *Id.* at 10. Under the Litigation Trust Agreement, the Litigation Trustee was empowered to "investigate, analyze, monetize, prosecute, recover upon, or settle or compromise the Trust Claims, in each case as necessary or appropriate to serve the best interests of the Trust Beneficiaries collectively." (Bankruptcy Case, ECF No. 4966 at 23).

9. The Litigation Trust Agreement also states that the Litigation Trustee "[s]hall, and shall ensure that any Trust Professional agrees to, hold confidential and not use for any purpose other than as set forth in this Agreement any non-public information received thereby that relates to the Litigation Trust, the Privileges, the Representative, or the Trust Beneficiaries, unless (a)

required by law to disclose such information . . . (b) authorized to disclose such information by the Class A-2 Representative and the Class B Representative in writing or (c) with prior notice to the Trust Beneficiaries, deemed reasonably necessary by the Trustee for the Trustee to perform the Trustee Responsibilities unless either the Class A-2 Representative or the Class B Representative objects." *Id.* at 37.

10. On July 11, 2025, the Debtors filed the Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors (the "**Plan**"). ECF No. 5492.

11. On July 25, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors*. ECF No. 5774.

12. The Plan provides that "[t]he Litigation Trustee shall be provided with originals or copies of or access to all documents, business records, and other information of the Debtors necessary, as reasonably determined by the Litigation Trustee, for the disposition of Litigation Trust Assets, subject to the payment of any required fees, costs, or expenses under the Transition Services Agreement." ECF No. 5774 at 45. The Plan also empowers the Litigation Trustee to "conduct discovery . . . under Bankruptcy Rule 2004 as such rights existed prior to the Litigation Trust Establishment Date." *Id.* at 51.

13. The Litigation Trustee obtained numerous documents that were produced to Debtors under the Protective Order and were marked as "Confidential" or "Highly Confidential." The Litigation Trustee also obtained documents that were marked "Confidential" or "Highly Confidential" from third parties pursuant to Bankruptcy Rule 2004. One of the parties that produced documents to the Debtors in the Bankruptcy Case was KPMG, and the Debtors have provided the Litigation Trustee with access to the documents produced by KPMG.

14. On August 20, 2026, the Litigation Trustee filed his Amended Complaint in this Adversary Proceeding. The Litigation Trustee filed a redacted version publicly and an unredacted version under seal. *See* ECF Nos. 162 (redacted version), 164 (version under seal). The Litigation Trustee moved for leave to file under seal (ECF No. 163), which motion the Court granted. *See* ECF No. 168.

15. The Litigation Trustee's request for leave to file the Amended Complaint under seal was necessitated by the Amended Complaint's quotation from a document (the "**KPMG Email**") produced by KPMG as "Confidential." The Litigation Trustee requested that KPMG agree that he could file the Amended Complaint publicly without redaction, but KPMG rejected that request.

16. On September 18, 2026, the defendant in this Adversary Proceeding filed a motion to dismiss the Amended Complaint. *See* ECF No. 171.

17. On the date hereof, the Litigation Trustee files his Opposition to defendant's motion to dismiss. The Opposition quotes from the portion of the Amended Complaint that quotes from the KPMG Email. Thus, the Litigation Trustee has concurrently filed this Motion pursuant to Local Rule 9037-1.

## BASIS FOR RELIEF

18. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information, providing in relevant part that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Likewise, Rule 9018 of the Bankruptcy Rules provides that the court may "issue any order that justice requires to . . . protect

the estate or any entity regarding a trade secret or other confidential research, development, or commercial information."

## ARGUMENT

19. The Litigation Trustee is contemporaneously with this Motion filing a redacted copy of the Opposition. By this Motion, the Litigation Trustee seeks to file the unredacted Opposition under seal to the extent the Court determines it is warranted.

20. Portions of several sentences in the Opposition are protected from disclosure under the Protective Order as they quote from a portion of the Amended Complaint that quotes from the KPMG Email, which was produced as "Confidential."

21. While the Litigation Trustee is not a named party to the Protective Order, the Litigation Trustee deemed that the most prudent course of action would be to redact the information produced by KPMG and designated as "Confidential." Accordingly, the Litigation Trustee has redacted that information as may be required by the Protective Order.

22. The defendant to this Adversary Proceeding has executed a copy of Exhibit A of the Protective Order.

23. Before he filed the Amended Complaint, the Litigation Trustee requested that KPMG agree that the Litigation Trustee could file the Amended Complaint publicly, without redacting the quotation to the KPMG Email. KPMG denied that request.

24. The Litigation Trustee respectfully requests the Court permit him to file the unredacted Opposition under seal.

## PRAYER

WHEREFORE, for the reasons stated above, the Litigation Trustee respectfully requests that the Court grant him leave to file the unredacted Opposition under seal and enter an order in

substantially the same form as the Proposed Order filed herewith, granting the relief requested herein, and such other further relief as the Court may deem just and appropriate.

Dated: October 20, 2026
Austin, Texas

Respectfully submitted,

By: /s/ *William T. Reid IV*
William T. Reid IV (Texas Bar No. 00788817) (S.D. Tex. Bar No. 17074)
*Attorney-in-Charge*
Jeremy Wells (Texas Bar No. 24098805) (S.D. Tex. Bar No. 3081661)
Dylan Jones (Texas Bar No. 24126834) (*pro hac vice*)
Taylor Lewis (Texas Bar No. 24138317) (*pro hac vice*)
Julia Gokhberg (Texas Bar No. 24144450) (*pro hac vice*)
**REID COLLINS & TSAI LLP**
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 647-6100
wreid@reidcollins.com
jwells@reidcollins.com
djones@reidcollins.com
tlewis@reidcollins.com
jgokhberg@reidcollins.com

Eric Madden (Texas Bar No. 24013079) (S.D. Tex. Bar No. 29231)
J. Benjamin King (Texas Bar No. 24046217) (S.D. Tex. Bar No. 605914)
Richard Howell (*pro hac vice*)
**REID COLLINS & TSAI LLP**
1445 Ross Avenue, Suite 2900
Dallas, Texas 75202
Tel: (214) 420-8900
emadden@reidcollins.com
bking@reidcollins.com
rhowell@reidcollins.com

Jeffrey E. Gross (*pro hac vice*)
Yonah Jaffe (*pro hac vice*)
**REID COLLINS & TSAI LLP**
420 Lexington Avenue, Suite 2515
New York, NY 10170
Tel.: (212) 344-5200
jgross@reidcollins.com
yjaffe@reidcollins.com

*Counsel to Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust*

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *William T. Reid IV*
William T. Reid IV